Pasquale Bova *vs.* Giuseppe Scorpio.
Joseph Bova *vs.* Giuseppe Scorpio.
Emilio Achetturo *vs.* Giuseppe Scorpio.

June 24, 1920.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Relinquishment of Lien.   Statute of Frauds.   Consideration.   Contracts.*

A promise to pay a workman the wages due him from his employer if he would forego his right to commence process to enforce a lien on defendant's property is not a promise to pay the debt of another within the provisions of the statute of frauds, but an original undertaking on the part of defendant based upon a new consideration.

*(2)   New Trial.   Decision of Justice on Motion for New Trial.   Pro Forma Ruling.*

The decision upon a motion for new trial after verdict made by the justice presiding at the jury trial, can in no case be regarded as a *pro forma* ruling upon the question of the credibility of witnesses or the weight of evidence and it is not within the power of a party to a motion for new trial to nullify the purpose of the statute in having the justice pass on this question, by failing to argue the motion or by submitting to a *pro forma* ruling against him, and the duty of the justice is not affected by the acts of the moving party to the motion.

Assumpsit.   Heard on exceptions of defendant and over-ruled.

Sweetland, C. J.   Each of the above entitled actions is in assumpsit to recover upon an alleged special promise and undertaking of the defendant, and also to recover for work and labor alleged to have been performed at the request of the defendant.

The three cases were tried together before a justice of the Superior Court, sitting with a jury, and resulted in a verdict for the plaintiff in each case.   In each case the defendant filed his motion for a new trial which was denied by said justice.   Each case is before us upon the defendant's exception to the decision of said justice upon the motion for new trial, and upon certain exceptions taken by the defendant in the course of the trial.

The claims of the plaintiffs, alleged in their respective declarations and presented in their testimony, are that each was employed by a general contractor as a painter to

work upon two houses which were being constructed or
repaired for the defendant and were situated upon land of
the defendant; that the plaintiffs' work was in furtherance
of a contract which said general contractor had with the
defendant for the "construction, erection and reparation"
of said houses upon his land; that at some time prior to
December 24, 1911, said general contractor abandoned the
further performance of his said contract with the defendant;
that the plaintiffs were about to commence legal process to
enforce a lien upon said land and buildings for the wages
due them from said general contractor for work upon said
houses; that thereafter, on December 24, 1911, the defend-
ant agreed with each of the plaintiffs to pay to him the wages
due him as aforesaid if he would refrain from enforcing a
lien upon said real estate, and each plaintiff, in consideration
of this promise of the defendant, agreed that he would not
commence lien proceedings as aforesaid and has kept said
agreement; and said plaintiffs further claim that the de-
fendant agreed with each of the plaintiffs that if said plain-
tiff would continue his work until a certain portion of said
painting was finished the defendant would pay him for his
work in so doing; that thereupon the respective plaintiffs
undertook to finish a certain portion of the painting re-
maining to be done upon said houses and that they have
performed their undertaking but the defendant has failed
to perform either of said agreements made by him with the
respective plaintiffs and each suit is brought to recover the
amount due the plaintiff upon these agreements of the
defendant.    The first count of the plaintiff's declaration in
each case alleges the breach of the defendant's agreement
to pay the plaintiff the wages due him for labor upon said
houses up to December 24, 1911.    The second count alleges
the failure of the defendant to perform his agreement to pay
the plaintiff for labor performed on said houses after
December 24, 1911.

The defendant's first exception is to the refusal of said
justice to direct a verdict for the defendant at the con-
clusion of the evidence.    The ground of this motion of the

defendant was that the plaintiffs should not be permitted to recover on the first count of their respective declarations because the plaintiffs' evidence in support of said count shows that the promise of the defendant to pay the plaintiffs for their work prior to December 24, 1911, if such promise was made, was one to answer for the debt, default or miscarriage of said general contractor, was not in writing and was within the operation of the Rhode Island Statute of Frauds. And further, that the plaintiff should not be permitted to recover upon the second count of their respective declarations for labor performed after December 24, 1911, because the evidence showed that they failed to perform the alleged agreement on their part, in that they had not completed the painting required to be done on said houses.

(1) This exception should be overruled. The alleged promise of Scorpio to pay the plaintiffs the wages due them respectively from said general contractor for their work up to December 24, 1911, if they would forego their right to commence legal process to enforce their lien on Scorpio's property, was not a promise to pay the debt of another within the provisions of the statute of frauds. It was an original undertaking on the part of Scorpio based upon the new and independent consideration of the benefit arising to him by the relinquishment on the part of each plaintiff of his right to encumber the property of Scorpio to the extent of said plaintiff's claim for the work he had performed upon the property. The evidence in support of the second count of each declaration would warrant a finding by the jury of a substantial performance by the plaintiff of his part of the alleged agreement under which the defendant was to pay him for his work on said houses performed after December 24, 1911. The defendant urged that the evidence showed that the plaintiffs did not complete the painting work upon the old house, so-called, but there was evidence from which the jury might find that the plaintiffs' undertaking was not to complete the painting upon both houses but merely upon the new house, so-called, and that this they had done.

The defendant excepted to that portion of the charge of said justice in which he instructed the jury as follows:

"They must have substantially performed the contract as it was made between them and the defendant, and they must satisfy your minds by fair preponderance of the evidence of what the contract was, of the fact that they kept and performed that contract substantially in accordance with the agreement between the parties. In addition to that, if the defendant failed to keep his contract, but broke his contract, you would be entitled to give the verdict to the plaintiffs in these cases. If no contract was made, or if one was made, and the plaintiffs themselves broke it, did not complete the contract in accordance with the agreement, substantially, then they are not in a position to recover." We find no merit in this exception.

The defendant has presented to us his exception to the decision of said justice denying the defendant's motion for new trial in each case. From an examination of the transcript of evidence with reference to the written memoranda, claimed to be of the plaintiffs' working time, and in other matters, there appears to us to be some force in the defendant's criticism of the trustworthiness of the plaintiffs' testimony. This criticism, however, relates to the credibility of the plaintiffs as witnesses, which was particularly a matter to be passed upon by the jury in the first instance and then by the justice presiding upon a review of the verdicts on the motions for new trial. Both the jury and said justice had the witnesses before them and upon the conflicting evidence have given credit to the statements of the plaintiffs. We do not feel warranted in disturbing the decision of said justice approving the finding of the jury upon the credibility of the witnesses and the weight of the evidence.

The defendant, however, urges that in these cases the denial of his motions for new trial should not be regarded as an approval of the verdicts by said justice, for the reason that counsel for the defendant did not argue said motions in the Superior Court and the decisions of the justice should be regarded merely as *pro forma* rulings having no significance in appellate proceedings before us. The decision upon a motion for new trial after verdict, made by the justice of

the Superior Court who presided at a jury trial, càn in no case be regarded as a *pro forma* ruling upon the question of the credibility of witnesses or the weight of evidence. Except in case of his absence or disability motions for new trial after verdict must be heard and determined by the justice presiding at the trial. In *Surmeian* v. *Simons*, 42 R. I. 334, we have pointed out at length what in our opinion was the purpose of the General Assembly in providing this intervening step in appellate proceedings between the jury's verdict and the consideration of that verdict by this court. In that case we held that in appellate proceedings it was intended that this court and the parties should have the benefit of the scrutiny of the verdict by a trained jurist who sat in the atmosphere of the jury trial, saw and heard the witnesses and from his experience, judgment and impartiality was able to render a decision of great value as to the weight of the evidence. It is not within the power of a party to a motion for new trial to nullify this purpose of the statute by announcing at the hearing upon said motion that he will make no argument, or that he will submit to a *pro forma* ruling against him. Upon hearing a motion for new trial it is the duty imposed by statute upon a justice who presided at the jury trial to carefully review the verdict and pass upon its justness. This duty is not affected or varied in accordance with the zeal of the moving party in the argument upon his motion. We believe that the decisions of the justices of the Superior Court upon such motions have been made in accordance with this view in all cases, that such decisions represent the serious and careful judgment of said justices upon the value of the verdict, and that said justices appreciate the very important place which has been given to their decisions in the system of jury trials under our present procedure.

All of the defendant's exceptions in each case are overruled; and each case is remitted to the Superior Court for the entry of judgment upon the verdict.

*John L. Curran,* for plaintiff.

*Pettine & De Pasquale,* for defendant.